IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DALLAS MIZE,

    Plaintiff,

v.

HJC CORP. and HJC AMERICA, INC.,

    Defendants.

CIVIL ACTION NO.

1:03-CV-2397-JEC

### ORDER

This case is before the Court on plaintiff's Motion to Vacate Final Judgment and Memorandum of Authorities [97]. Defendant HJC Corporation has objected [98,99].

The relevant procedural history is as follows. Defendant HJCA had moved for summary judgment as to all claims against it. The Court's Order of July 18, 2005 [95] granted this defendant's motion and, accordingly, a judgment was properly entered in defendant HJCA's favor.

As plaintiff correctly notes, defendant HJC did not move for summary judgment as to all claims, but instead moved for summary judgment only as to the punitive damages claim. In other words, defendant HJC only moved for a partial summary judgment, albeit it filed this motion as part of a joint motion denominated as a motion

AO 72A
(Rev.8/82)

for summary judgment [55] that was filed as part of defendant HJCA's motion for summary judgment as to all claims. The Court granted defendant HJC's motion for summary judgment as to the claim for punitive damages in its Order of July 18, 2005.

Because HJC's motion had been denominated as a motion for summary judgment, however, instead of as a motion for partial summary judgment, as it should have been characterized,[1] this Court's Order granting the inaptly denominated motion indicated to the docketing clerk that defendants' motion for summary judgment had been granted. When such a ruling occurs, the Clerk routinely and properly issues a judgment for the defendants, as was done here. Nevertheless, plaintiff is correct that a judgment in favor of defendant HJC was incorrect as HJC never requested that summary judgment as to all claims be granted, nor did this Court ever so rule.

Defendant HJC objects to plaintiff's motion, however, because this Court, in its July 18, 2005 Order, granted a motion by HJC to exclude the testimony of plaintiff's expert witness [78], which motion had been filed after the joint motion for summary judgment

---

[1] As a practice pointer, defendant HJC's motion for partial summary judgment should have been filed separately from defendant HJCA's motion for total summary judgment. Given the volume of pleadings filed each day in this Court, the docketing clerk relies on the captions in pleadings and does not have time to peruse each pleading to ascertain that the captioned heading in a joint pleading accurately captures the relief sought by each party.

2

[55], referenced above. Defendant argues that, without this expert, plaintiff's case is doomed and that a judgment for HJC, even though never requested by HJC, is appropriate. See Defendant's Responses [98,99].

The Court agrees with plaintiff that a judgment cannot be properly entered when a Court has not issued a ruling that would permit a judgment to be entered. Defendant may be correct that plaintiff's case cannot survive the loss of plaintiff's expert, but that contention should be decided on a properly-filed motion for summary judgment, not by inferences derived from reading an Order that dealt with other motions.

The question remains as to the next appropriate step in the litigation. Plaintiff requests a trial date, because a claim against defendant HJC remains to be tried. Defendant argues that such a trial will be a futility, given this Court's earlier ruling excluding plaintiff's expert witness.

Typically, when the summary judgment period has expired and claims remain against a defendant, a trial is scheduled. Nevertheless, the Court sees no advantage to it, the plaintiff, or the defendant to schedule a trial, if the outcome of that trial will be the grant of a motion for directed verdict at the close of the plaintiff's case.

Accordingly, the Court will permit defendant to file an out-of-

3

time motion for summary judgment that would resolve <u>all</u> claims. This motion shall be filed within **thirty (30)** days of the date of this Order. Plaintiff shall respond within **twenty (20)** days thereafter. The Clerk is directed to **reopen** this case, effective the date of this Order.

    SO ORDERED, this  19  day of January, 2006.

                                            JULIE E. CARNES
                                            UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)